IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:15CR270 |
| v. | |
| JOSH PIRA, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Josh Pira's ("Pira") Motion to Reduce Sentence (Filing No. 127). Pira seeks compassionate release to modify his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons stated below, Pira's motion is denied.

I.   BACKGROUND

Pira's relevant criminal history in this case dates back to April 2015. At that time, Pira was on parole in Pottawattamie County, Iowa, and living at a residential correctional facility. Surveillance revealed a variety of suspicious criminal activity at Pira's residence. On April 2, 2015, law-enforcement officials executed a search warrant at his residence, finding several bottles of alcohol, a notebook containing names of individuals who owed him money, a urine test kit, two cell phones, a laptop, an iPad, and receipts for three storage units in Council Bluffs, Iowa. Law enforcement executed a second search warrant for the storage units, which revealed twelve firearms; ammunition; drug paraphernalia; various prescription pills; a bag containing Social Security cards, birth certificates, health cards, and license information for multiple individuals; and other stolen items. Law enforcement confirmed three of the guns were reported stolen.

For these offenses, Pira was indicted in the Southern District of Iowa on April 22, 2015, on Count I for felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and on Count II for possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). On October 8, 2015, Pira pleaded guilty to Count I and was sentenced to 60 months in prison.

Shortly thereafter, Pira was indicted in the District of Nebraska on August 19, 2015 (Filing No. 1), for conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine mixture, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On January 19, 2018, Pira was sentenced to the statutory mandatory minimum of 120 months in prison followed by five years of supervised release, to run concurrently with the sentence imposed in his case in the Southern District of Iowa.

Pira now urges the Court to reduce his sentence based on his fear of contracting COVID-19 while serving his sentence at Federal Medical Center at Fort Worth, Texas ("FMC Forth Worth"). On November 17, 2020, the Court issued an order (Filing No. 132) finding Pira met the statutory requirements for judicial review under § 3582(c)(1)(A) because more than thirty days had passed since Pira's warden denied his request for sentencing relief. The government does not deny Pira has met § 3582(c)(1)(A)'s requirements for judicial review on the merits.

II. DISCUSSION

In deciding whether to grant compassionate release, the Court considers the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime,[1] to promote respect for the law, and to

---

[1] Pira is serving a ten-year mandatory-minimum sentence. Although § 3582(c)(1)(A)(i) authorizes the Court to reduce Pira's sentence if "extraordinary and compelling reasons warrant such a reduction," the statute is silent about what impact, if any, his mandatory-minimum sentence has on that authority. The Court has yet to find any

2

provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure the relief sought is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," *id.* § 3582(c)(1)(A). The first application note to policy statement § 1B1.13[2] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3.

In Pira's view, the § 3553(a) factors and considerations outlined in § 3142(g) should guide the Court to find in his favor. He acknowledges his "initial offense was severe," but states he "has demonstrated substantial evidence of rehabilitation during his time in prison." Indeed, Pira successfully completed a 40-hour drug treatment and drug education program, earned his GED, and has taken numerous courses while in prison.

Next, Pira argues he is no longer a danger to the community, and his release plan this time will be more conducive to his continued rehabilitation outside of prison. The government points out that Pira was on state parole when the instant offense and the firearm

---

clear authority on this issue. *See United States v. Peebles*, No. 8:18CR336, 2020 WL 7495291, at *2-3 (D. Neb. Dec. 21, 2020).

[2]This policy statement predates the First Step Act, so it does not control the analysis here, but the Court still finds it helpful. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

3

offenses in the Southern District of Iowa occurred, and he has only served three years of his ten-year sentence. Given the dangerous nature of his crimes, the government concludes Pira should not be granted compassionate release because he presents a danger to the safety of others and the community.

Pira further states his medical condition presents an "extraordinary and compelling" reason to justify his release. Pira has Crohn's disease, which requires him to take immunosuppressant drugs. According to the Centers for Disease Control, individuals taking such medications are at a higher risk of contracting COVID-19 and are more likely to experience severe illness should they become infected. Pira expresses his concerns about the recent surge of infections of FMC Fort Worth. According to Pira, twelve inmates at FMC Forth Worth have died of COVID-19, as of November 13, 2020. He fears contracting COVID-19 could be fatal.

The government recognizes Pira's concerns but ultimately states his "conditions are not extraordinary" and notes he is located at FMC Fort Worth—a medical facility—so "the data provided by [Pira] does not account for the cases that were transferred [there] for medical reasons." With respect to the conditions at FMC Forth Worth, the government contends "the number of active cases has drastically been reduced as a result of the efforts that the BOP is putting in to minimize the impact of the pandemic." As the government sees it, the reduction in positive cases "demonstrates a decrease[d] risk" to Pira.

After careful review, the Court finds Pira has not demonstrated "extraordinary and compelling" reasons to reduce his sentence. His Crohn's disease does place him at greater risk of COVID-19, but his past criminal history is concerning. Pira has only served one-third of his sentence and releasing him at this time poses a high risk to the public. Under the circumstances of this case, the balance of the relevant § 3553(a) factors weigh against reducing Pira's sentence at this time.

Based on the foregoing, Pira's motion to reduce his sentence (Filing No. 127) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is denied.

IT IS SO ORDERED.

Dated this 4th day of February 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge